UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RAYMOND J. WOOD,**               CASE NO.: 5:09-cv-340

    **Plaintiff,**

v.

**DALTON UPCHURCH, individually,**
**JOE NUGENT, in his official capacity as**
**SHERIFF, GULF COUNTY, FLORIDA,**
**BOBBY PLAIR, individually,**
**RICHARD BURKETT, individually, and**
**PAUL BEASLEY, individually**

    **Defendants,**
_____/

## AMENDED COMPLAINT

Plaintiff RAYMOND J. WOOD, sues the Defendants, DALTON UPCHURCH, individually, JOE NUGENT, in his official capacity as SHERIFF, GULF COUNTY, FLORIDA, BOBBY PLAIR, individually, RICHARD BURKETT, individually, and PAUL BEASLEY, individually, and alleges:

### JURISDICTION

1.    This is an action involving the violation of Plaintiff's federal civil rights and contains state causes of action pursuant to this Court's concurrent and pendant jurisdiction.

The aggregate amount of damages claimed by Plaintiff against Defendant is in excess of $75,000.00, the jurisdictional amount required for venue in this Court.

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States.

3.  Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured to the Plaintiff by the Fourth Amendment to the Constitution of the United States of America.

4.  The Plaintiff's claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

5.  A written notice of Plaintiff's state law claims asserted herein, was submitted to Defendant and to the Florida Department of Financial Services on or about February 26, 2009, pursuant to §768.28(6), Florida Statutes. No response was received by Plaintiff, therefore they are deemed denied by operation of law.

6.  At all times pertinent hereto, Plaintiff has been a resident of Gulf County, Florida. He is thus *sui juris*.

7.  At all times mentioned, Defendant Dalton Upchurch was employed by Gulf County as Sheriff and was then the top constitutional officer of Gulf County, Florida. Defendant Joe Nugent was employed by Gulf County as Sheriff and is now the top

constitutional officer of Gulf County, Florida.  Defendants Upchurch and Nugent were the employer of all persons involved in this action other than Plaintiff.  These Defendant are <u>sui juris</u>.

8.	At all times pertinent hereto, the individually named Defendants were residents of the State of Florida and were employed by Defendant Gulf County Sheriff's Office (GCSO) in Gulf County, Florida.  They are thus <u>sui juris</u>.

## STATEMENT OF THE ULTIMATE FACTS

9.	Plaintiff is 52 years old and disabled.  Plaintiff does not have a right arm.  On or about October 11, 2005, Plaintiff appeared at a Gulf County Board of County Commissioners meeting wearing a dress and a wig.  In response to the way Plaintiff was dressed, Defendants forced Plaintiff from the meeting, in derogation of his rights under the First Amendment of the U.S. Constitution and Article I of the Florida Constitution.  When Plaintiff attempted to reenter the meeting, Defendants forcefully knocked Plaintiff's hand off the door handle to prevent such reentry.  Defendants then unreasonably and without any reasonable or lawful basis searched Plaintiff.  Defendant Plair then pulled a Taser on Plaintiff, which resulted in restricting Plaintiff's freedom of movement.  Only after this unjustified and unconstitutional search of Plaintiff's person did Defendants allow Plaintiff back into the public meeting.

10.	On or about December 26, 2006, derogatory comments were made about Plaintiff by Defendant Upchurch at another Board of County Commissioners meeting.  Within earshot of Plaintiff, Defendant Upchurch said, "They need to get Raymond a booster

chair. I'd like to see what a booster chair looks like for a one-armed man." In response to Defendant Sheriff's unprofessional comments and to his agents' unconstitutional actions at the 2005 meeting, Plaintiff filed complaints with the Governor's office and the FBI on or about January 16, 2007. Three days after Plaintiff filed this complaint, Defendants Upchurch and Plair organized and participated in a SWAT team raid of Plaintiff's home. Defendants and a barrage of other GCSO employees stormed into Plaintiff's house, knocked over Plaintiff's wife, piled on top of Plaintiff, and pointed a gun or taser in Plaintiff's face.

11. Defendants then falsely arrested Plaintiff during the SWAT raid on a charge of Threatening a Public Servant for allegedly making threatening comments to Upchurch and/or Plair. What Defendants felt constituted threats was Plaintiff telling Plair words to the effect that Plair would "go home without a gun or badge" due to Plaintiff's complaint with the Governor's office. Plaintiff was held in jail without bond for twenty-four days after this false arrest. Ultimately, the charge was dismissed in Plaintiff's favor. Additionally, when Plaintiff sat in jail for the alleged threats, Defendant Upchurch filed arrest affidavits that led to two other false charges against Plaintiff, including another count of Threatening a Public Servant. Each of these charges was also terminated in Plaintiff's favor. The judge in the case dismissed one charge, and the prosecutor filed a no information on the other charge.

12. Defendants subjected Plaintiff to additional unconstitutional and tortious behavior on or about March 20, 2007. That day, Plaintiff arrived at the courthouse in Gulf County to conduct personal business. Responding to a false report that Plaintiff had been running around the Courthouse, Defendant Burkett issued Plaintiff a trespass warning and

4

said he had to leave the property. Plaintiff had been sitting on the courthouse steps. When Plaintiff left the property, as requested, Defendant Beasley tackled him to the ground. Defendant Burkett signed Plaintiff's arrest affidavit.

13. Defendants arrested Plaintiff for four charges: Trespass, Disorderly Conduct, Resisting Arrest Without Violence, and Assault or Battery on a Law Enforcement Officer. Each of these charges was also resolved in Plaintiff's favor. The judge with jurisdiction over Plaintiff's case dropped three of the charges against Plaintiff, and Plaintiff was found not guilty by a jury on the Resisting Arrest With Violence charge on September 18, 2008, which had been upgraded from the misdemeanor "without violence" charge to the felony "with violence" charge, despite the other charges having been dropped. The jury deliberated for all of approximately five minutes before reaching its verdict.

## COUNT I - FOURTH AMENDMENT VIOLATIONS

14. Plaintiff re-alleges paragraphs 1-13 above and incorporates those allegations in this Count. This Count is pled in the alternative and is against all Defendants.

15. The Defendants arrested Plaintiff on multiple occasions, as described more fully above, without even a modicum of probable cause. There was no arguable probable cause, as set forth above, to arrest Plaintiff.

16. The Defendants operated to violate Plaintiff's rights not to be falsely arrested and not to be subjected to an unreasonable search conducted despite the absence of any reasonable suspicion. These actions violated the Fourth Amendment to the United

5

States Constitution and were of the type and character as to which any reasonable person would be aware.

17. Defendants further operated to violate Plaintiff's civil rights as protected by The Civil Rights Act, 42 U.S.C. §1983. This Count is pled in the alternative and for the purposes of this count alone, the individually named Defendants were acting outside the course and scope of their employment with Defendant GCSO.

18. All Defendants are persons under applicable law. The Defendants, including former Sheriff Upchurch in his individual capacity, are liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff under the Fourth Amendment to the United States Constitution. Defendant Upchurch was personally involved in the unconstitutional acts.

19. The individually named Defendants acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property. They in multiple instances brought unsubstantiated charges against Plaintiff, resulting in lengthy imprisonment, as described more fully above. Defendants further subjected Plaintiff to an unlawful search, and unlawfully infringed on his freedom of expression.

20. The individual Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

21. The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause. Defendants knew or should have known that there was no probable cause to arrest Plaintiff given the circumstances present and the clearly established law on the proof needed to establish "arguable probable cause."

22. Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiff. The law was well settled and clearly established that the actions of these Defendants' constituted the false arrest under the Fourth Amendment to the United States Constitution at the time the actions by these Defendants were committed.

23. The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when they knew of and disregarded an risk to Plaintiff's health and safety.

24. Defendant Sheriff Nugent, both as the successor to the former Sheriff of Gulf County and in his current position as Sheriff, acted with deliberate indifference in the failure to adopt a policy or in enforcing an improper policy for incidents like those described herein when it was obvious that the likely consequences of not adopting a policy or enforcing an improper policy would be a deprivation of civil rights to a person like Wood.

25. Defendant Sheriff Nugent through deliberate indifference failed to implement adequate hiring, training, staffing and supervisory procedures to properly

identifying suspects of crimes, to identify deputies who engaged in unconstitutional searches of a person like Plaintiff, and to prevent deputies and other agents from falsifying facts to support probable cause affidavits and then retaliating against persons like Plaintiff who file complaints about their conduct as law enforcement, the direct result of which Plaintiff was falsely arrested and imprisoned.  Defendant Sheriff also failed to implement adequate procedures to investigate constitutional violations by his deputies and to impose discipline on deputies, specifically the individually named Defendants in this case, when they engage in constitutional violations.

26. Defendant Sheriff Nugent was an elected county official with final policy-making authority for Gulf County, Florida.  He was responsible for hiring, training, and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by his employees and disciplining those employees.  At all times referred to herein, the Defendant Sheriff acted under color of state law and failed to train, supervise, investigate and discipline the individual Defendants as alleged herein.  Defendant Sheriff's failure to train, supervise, investigate and discipline the individual Defendants constitutes either an improper policy or the absence of a policy of the Defendant Sheriff which resulted in the deliberate indifference to the constitutional rights of the Plaintiff.  Defendant Sheriff also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline the Defendants named herein which established a policy, by a final policy-maker, that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.  Defendant Sheriff,

8

through its predecessor in office, acted personally to deprive Plaintiff of his constitutional rights and thus directly participated in the unconstitutional acts described more fully above.

27.     As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

28.     Based on the willful and malicious conduct of the individual Defendants, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

29.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

**COUNT II- FALSE ARREST/IMPRISONMENT AGAINST UPCHURCH**

30.     Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

31.     This is an action against Defendant Upchurch for false imprisonment/false arrest.  Count II is pled in the alternative.

32. The Plaintiff is entitled to relief against Defendant Upchurch in that on January 19, 2007, and against on March 20, 2007, the individually named Defendants and other employees of Defendant intentionally and unlawfully arrested and restrained Plaintiff against his will, deprived Plaintiff of his liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time. The actions by the employees and agents of Defendant Upchurch were committed within the course and scope of their employment with Defendant Upchurch.

33. This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where he did not wish to go.

34. Plaintiff was further restrained by Defendant, through his agents' and employees' use of coercive words, threats of force as well as actual force, and immediate means of coercion against Plaintiff, so that the Plaintiff was restrained and deprived of liberty. Defendant restrained Plaintiff without any justification and in the absence of probable cause.

35. At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement.

36. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost

employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff.

### COUNT III - FALSE ARREST/IMPRISONMENT AGAINST INDIVIDUALS

37. Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

38. This is an action against the individually named Defendants Upchurch, Plair, and Burkett. Count III is pled in the alternative. For the purpose of this Count alone, the individually named Defendants were acting outside the course and scope of their duties and employment with GCSO.

39. The Plaintiff is entitled to relief against Defendants Upchurch, Plair, and Burkett in that these Defendants intentionally and unlawfully arrested and restrained Plaintiff against his will; deprived Plaintiff of his liberty without any reasonable cause or color of authority; and maintained such complete restraint and deprivation for a period of time.

40. This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendants confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where the Plaintiff did not wish to go.

41. Plaintiff was further restrained by these Defendants' use of coercive words

and threats of force as well as actual force, and immediate means of coercion against Plaintiff, so that the Plaintiff was restrained and deprived of liberty. Defendant restrained Plaintiff without any justification and in the absence of probable cause.

42. At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement. These Defendants acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

43. As a direct and proximate cause of these Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable.

### COUNT IV - BATTERY AGAINST UPCHURCH

44. Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference. This Count is pled in the alternative.

45. On or about October 11, 2005, January 19, 2007, and March 20, 2007, Plaintiff was battered by employees and agents of Defendant Upchurch.

46. Plaintiff is entitled to relief against Defendant Upchurch, in that on the occasions mentioned herein, Defendant Upchurch, through its agents and employees

while acting within the scope of their employment with Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that Upchurch's agents and employees battered him, hit him and caused Plaintiff to sustain serious injuries.  Defendant, through its agents and employees, intended to hit, push and otherwise batter the Plaintiff.  This unlawful touching was also accomplished by Defendant without any justification and in the absence of probable cause to arrest Plaintiff. Defendant intended to cause harm to Plaintiff or there was substantial certainty that harm would occur to him.

47.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## COUNT V - BATTERY AGAINST BEASLEY

48.     Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

49.     This is an action against Defendant Beasley for battery. Count V is pled in the alternative.  For the purpose of this Count alone, Defendant Beasley was acting outside the course and scope of his duties and employment with Defendant Upchurch.

13

50. The Plaintiff is entitled to relief against Defendant Beasley in that on March 20, 2007, Defendant Beasley, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that they battered him, hit him and caused him to be injured. This Defendant, as more fully set forth above, intended to hit, push and otherwise batter Plaintiff. This unlawful touching of Plaintiff was also accomplished by Defendant without any justification and in the absence of probable cause or any authority of law. Defendant intended to cause harm to Plaintiff or there was substantial certainty that harm would occur to him. Beasley acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

51. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

52. Plaintiff re-alleges paragraphs 1-13 above and incorporates those allegations in this Count. This Count is pled in the alternative.

53. This is an action against all individual Defendants, including Sheriff Upchurch, for the conduct described herein, for the victimization of Plaintiff, derogatory

comments toward Plaintiff, and concerted campaign to get Plaintiff arrested and jailed. These actions constitute outrageous conduct that would shock the conscience of a reasonable person, and constitutes the actionable tort of intentional infliction of emotional distress. Defendants' actions were reckless and intentional and they knew or should have known that as a result of their actions, emotional distress would likely result.

54. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

## COUNT VII - MALICIOUS PROSECUTION

55. Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

56. This is an action against the individually named Defendants for malicious prosecution. Count VII is pled in the alternative.

57. On various occasions, including on January 19, 2007 and March 20, 2007, these Defendants, despite the absence of probable cause, caused original criminal proceedings to be commenced against Plaintiff by fabricating probable cause affidavits against him certifying that Plaintiff committed criminal acts.

58. Defendants, by submitting an offense report/probable cause affidavit and

allowing same offense report and probable cause affidavits containing false allegations to be forwarded to the State Attorney's Office and/or the Court, were the legal cause of criminal judicial proceedings against Plaintiff who became the Defendant in cases in Gulf County, Florida.

59. All criminal judicial proceeding complained of by Plaintiff herein that were commenced by Defendants against Plaintiff were terminated in Plaintiff's favor.

60. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

   (c) enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendant for Defendants' violations of law enumerated herein;

   (d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendant from future violations of the state and federal laws enumerated herein;

   (e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

   (f) grant such other further relief as being just and proper under the circumstances

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

        Respectfully submitted,

        /s/ Marie A. Mattox
        Marie A. Mattox [FBN 0739685]
        MARIE A. MATTOX, P. A.
        310 East Bradford Road
        Tallahassee, FL 32303
        Telephone:  (850) 383-4800
        Facsimile:  (850) 383-4801

        ATTORNEYS FOR PLAINTIFF