UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND J. WOOD,

    Plaintiff,

vs.

CASE NO.: 5:09-CV-340

DALTON UPCHURCH, individually,
JOE NUGENT, in his official capacity as
SHERIFF, GULF COUNTY, FLORIDA,
BOBBY PLAIR, individually,
RICHARD BURKETT, individually, and
PAUL BEASLEY, individually,

    Defendants.
_____/

## DEFENDANTS' EMERGENCY MOTION FOR MENTAL EXAMINATION OF PLAINTIFF WITH INCORPORATED MEMORANDUM OF LAW AND CERTIFICATE OF COMPLIANCE

Defendants, hereby move this Court, as authorized by Rule 35 of the Federal Rules of Civil Procedure, for an Order requiring Plaintiff to appear to submit to an examination and testing by such psychologist to determine whether or the extent to which he is suffering from any psychological condition or other mental infirmity, the extent to which such infirmity is the result of the alleged activity of Defendants, and the impact of any such infirmity on his daily activities. As grounds, Defendants would state:

    1.    Plaintiff seeks damages as a result of the alleged unlawful activity of the Defendants, including compensation for pain and suffering and "mental anguish." Plaintiff has further put his mental condition at issue in this case by disclosing the identity of health

1

care providers and producing records from those providers stating that Plaintiff is suffering from depression and anxiety.

2. If it is Plaintiff's intent to <u>not</u> assert such claims or seek such damages, this should be stated by Plaintiff, with the resulting bar of testimony related to such matters from Plaintiff or any witnesses on his behalf. However, if it is Plaintiff's intent to assert such claims or seek such damages, Defendants should be afforded the opportunity to respond to these claims with examination and/or testimony from a witness not associated with the Plaintiff.

4. As a result of Plaintiff placing these matters into issue, Defendants are entitled to a mental examination of the Plaintiff pursuant to Rule 35, Federal Rules of Civil Procedure, in order to evaluate Plaintiff's condition and determine the extent to which his injuries or damages exist or are attributable to the acts of Defendants.

5. Such examination would neither embarrass, harass, nor cause any physical discomfort to Plaintiff. Defendants have offered to pay all costs associated with the examination, including transportation and meals for the Plaintiff. Plaintiff is not employed, so there would be no lost time from work or loss of wages associated with the examination. Any distance associated with any travel for purposes of obtaining such an examination is not unduly burdensome or onerous. To conduct the examination in a location other than the office of the person selected by Defendants to conduct the examination would needlessly increase the cost of the examination and render its administration more cumbersome and burdensome.

6. Because of the upcoming expert witness disclosure date of May 1, 2010, and the date set for the examination, April 30, 2010, any delay in the granting of this motion will

impact Defendants' ability to arrange the requested examination and provide the required reports. As such, Defendants would suggest this motion is entitled to emergency consideration pursuant to the Rules for the United States District Court, Northern District of Florida.

7. John Larson, Ph.D., is a forensic psychologist who is qualified under Rule 35, Fed.R.Civ.P. to perform the mental examination. (See Exhibit "A"). It is estimated that the examination will last less than one day. The examination will consist of a clinical examination and some testing based upon the results of the clinical examination, possibly the MMPI test. The request in this case is not unreasonable or unduly burdensome.

## CERTIFICATE OF COMPLIANCE:

8. Defendants' counsel has attempted to determine whether Plaintiff opposes this motion as required under the provisions of Rule 7.1, Rules for the United States District Court, Northern District of Florida. Plaintiff's counsel has communicated that there is no objection to the examination, but has stated is an objection to the examiner.

WHEREFORE, because of the nature of the injuries and damages asserted by Plaintiff, the Defendants are entitled to have the benefit of a mental examination in order to properly evaluate Plaintiff's claims, his mental state and to otherwise prepare for trial.

## MEMORANDUM OF LAW

This Memorandum of Law is submitted in accordance with the Local Rules of the United States District Court, Northern District of Florida.

Rule 35, Fed.R.Civ.P., provides in pertinent part:

> **(a) Order for Examination.** When the mental or physical conditions (including the blood group) of a party or of a person in the custody or under the legal control of a party, is

3

>in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner, or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties, and shall specify the time, place, manner, conditions, and scope of examination, and person or persons by whom it is to be made.

The Defendants requests an Order for mental examination pursuant to Rule 35, Fed.R.Civ.P. because the Plaintiff seeks damages as a result of the alleged unlawful activity of the Defendants, including compensation for "pain and suffering" and "mental anguish." Plaintiff has set forth in the damage and the witness and exhibit disclosures their intent to claim such damages and to present the testimony of treating health care providers toward this end. This reflects Plaintiff's intent to claim mental and emotional injuries. It is clear from Plaintiff's testimony, his damages, as alleged, may be significant and warrant the Defendants' right to make a searching inquiry into the Plaintiff's condition for the purposes of showing to what extent his emotional and/or physical distress was caused by the alleged acts of the Defendants or by events and circumstances that were in no way related to the Defendants' conduct. A psychiatric examination would aid the Defendants' inquiry. See, Lowe v. Philadelphia Newspaper, Inc., 101 F.R.D. 296 (E.D. Penn. 1983) (where plaintiff's emotional and mental state of health had clearly been put in issue by her, defense was entitled to psychiatric examination). Plaintiff's right to privacy is clearly outweighed by the Defendants' right to a fair trial. Id.; Zabkowicz v. West Bend Co., 585 F.Supp. 635 (E.D.

4

Wis. 1984) (Because the plaintiffs allege emotional distress, an examination by a nominee of the defendants is appropriate).[1]

The requirements of Rule 35 related to "in controversy" and "good cause" are met when the pleadings or other discovery reveals claims for physical or mental injury: "[a] plaintiff ... who asserts mental or physical injury... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 243 (1964). See also, Thiessen v. General Elec. Capital Corp., 178 F.R.D. 568 (D.C.Kan. 1998) (claim of health problems caused by defendants sufficient to warrant Rule 35 exam); Ragge v. MCA/Universal Studios, 165 F.R.D. 605 (D.C, Cal. 1995) (complaint alleging humiliation, embarrassment and mental and emotional distress placed mental state in controversy); Lahr v. Fulbright & Jaworski, 164 F.R.D. 204 (D.C.Tx. 1996).

In Ali v. Wang Laboratories, Inc., 162 F.R.D. 165 (D.C.Fla. 1995) the court found plaintiff's answers to interrogatories sufficient to place his mental condition in controversy and to establish the good cause required for an examination, particularly where the plaintiff was seeking recovery for continuing emotional and mental distress. Plaintiff's disclosures and assertions in this case are analogous to those found in Ali. Where the injury alleged is mental, it is appropriate to allow the examination to be conducted by a psychologist or a

---

[1] The courts have rejected a psychotherapist/patient privilege where a party's mental state has been placed in issue. Sarko v. Penn-Del Directory Co., 170 F.R.D. 127 (E.D.Pa.1997). This is particularly so where, as in this case, the plaintiff discloses a psychotherapist as a potential witness. Vann v. Line Star Steakhouse and Saloon of Springfield, 967 F.Supp. 346 (C.D.Ill. 1997). Here the Plaintiff has so identified such a persons as a witness and also allowed Defendants to obtain Plaintiff's records related to his mental health.

5

psychiatrist. Massey v. Manitowoc Co., Inc., 101 F.R.D. 304 (E.D.Pa. 1983). This is particularly so where the plaintiff has sought out treatment for the conditions complained of. Usher v. Lakewood Engineering & Mfg. Co., 158 F.R.D. 411 (D.C.Ill. 1994).

Defendants have selected John Larson, Ph.D., to perform the mental evaluation. Dr. Larson is a forensic psychologist with extensive experience in examination and treatment of the types of injuries claimed by the Plaintiff. (See Exhibit "A"). Dr. Larson's mental examination would consist of a personal clinical interview and would require Plaintiff to participate in some standard psychological testing.

In granting orders compelling an examination pursuant to Rule 35, the courts have approved the requirement for a plaintiff to travel for purposes of the examination unless it is shown that the travel would be dangerous to the party's health or the party in physically unable to do so. Srasser v Prudential Ins. Co. 1 FRD 125 (DC Ky. 1939); Gale v National Transp. Co. 7 FRD 237 (DC NY 1946); Baird v Quality Foods, Inc., 47 FRD 212 (ED La 1969). As such, Defendants request for Plaintiff to travel to Pensacola for this examination is not unreasonable or overly burdensome, particularly in light of his unemployed status and Defendants' willingness to assume all costs associated with the examination. Plaintiff has previously traveled to Panama City on consecutive days to attend depositions of the Defendants and other witnesses.

In other instances, courts have required a plaintiff to travel considerable distances for purposes of having the examination conducted, so long as the examination is conducted in the district in which the case is pending. In this instance the examination would be conducted in Pensacola, Florida, which is located in the Northern District of Florida. Hunter v Riverside Community Memorial Hospital, 58 FRD 218 (DC Wis

6

1972); Pierce v Brovig, 16 FRD 569 (DC NY 1954); Warren v Weber & Heidenthaler, Inc., 134 F Supp 524 (DC Mass 1955).  Other courts have required a plaintiff to assume the cost of the travel related to such an examination. Baird v Quality Foods, Inc. 47 FRD 212 (ED La 1969); Defendants are not requesting Plaintiff to assume such a burden in this case.

## CONCLUSION

The Federal Rules of Civil Procedure governing orders for mental and physical examination is to be construed liberally in favor of granting discovery. Plaintiff has put his mental state at issue in the pleadings and through discovery disclosures. Accordingly, Defendants are entitled to have Plaintiff examined by John Larson, Ph.D. at his offices in Pensacola, Florida.

Dated this 13th day of April 2010.

s/ Keith C. Tischler
**KEITH C. TISCHLER, ESQUIRE**
Florida Bar No. 0334081
**JOLLY & PETERSON, P.A.**
Post Office Box 37400
Tallahassee, FL 32315
(850) 422-0282
(850) 422-1913 (Facsimile)

Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to by CM/ECF Service only to Marie Mattox, 310 East Bradford Road, Tallahassee, Florida 32303; Timothy M. Warner, Post Office Box 1820, Panama City, Florida, 32402; Ginger Barry, 200 Grand Boulevard, Suite 205A, Destin, Florida, 32550; Robert S. Sombathy, Post Office Box 430, Panama City, Florida, 32402 this 13th day of April 2010.

s/ Keith C. Tischler
KEITH C. TISCHLER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND J. WOOD,

    Plaintiff,

vs.

CASE NO.: 5:09-CV-340

DALTON UPCHURCH, individually,
JOE NUGENT, in his official capacity as
SHERIFF, GULF COUNTY, FLORIDA,
BOBBY PLAIR, individually,
RICHARD BURKETT, individually, and
PAUL BEASLEY, individually,

    Defendants.

_____/

## DEFENDANTS' MOTION FOR MENTAL EXAMINATION OF PLAINTIFF

# EXHIBIT A

**PSYCHOLOGICAL ASSOCIATES**
600 East Government Street
Pensacola, Florida 32502
Telephone (850) 434-5033
Fax (850) 433-0268

**JAMES D. LARSON, PH.D.**
Licensed Psychologist

**CURRICULUM VITAE**
Current as of September 2009

## LICENSURE:

Licensed as a Psychologist in the State of Florida in 1973
License Number: PY2379

## EDUCATION:

| | |
|---|---|
| 1967-1971 | University of Wyoming<br>Ph.D. in Clinical Psychology awarded in August 1971 |
| 1970-1971 | Norfolk Regional Center<br>Psychological Internship in A.P.A. approved program |
| 1966-1967 | University of Wyoming<br>Master of Arts in Psychology awarded in June 1967 |
| 1962-1966 | Nebraska Wesleyan University<br>Bachelor of Arts awarded June 1966 |

## EXPERIENCE:

| | |
|---|---|
| January 2001 - Present | Director of Forensic Psychiatry and Psychology at Psychological Associates |
| July 1981 - Present | Independent practice in Clinical Psychology including: |

    A) Senior partner of Psychological Associates, a private group practice and consulting firm in Pensacola, Florida

    B) Private case load: Evaluation and Treatment of a broad range of Psychological Disorders

    C) Forensic Psychology: Evaluation and Treatment of a wide range of civil and criminal cases; in excess of 3,000 Court Ordered evaluations in County Courts, Circuit Courts, Military Courts, Federal Courts, and Administrative Courts. Evaluation and treatment of sexual offenders and victims of sexual abuse. Workers Compensation evaluations and treatment.

**James D. Larson, Ph.D.**
**Page 2**

| | |
|---|---|
| 2000 - 2001 | Adjunct Professor, University of West Florida<br>Department of Criminology |
| 1981 - 1986 | Chief Consulting Psychologist, West Florida Community Care<br>Provided direct and indirect services to this Psychiatric<br>Hospital in Milton, Florida |
| 1983 - 1985 | Chief Consulting Psychologist, Road Camp 5, (an Escambia<br>County Road Camp Prison) - provided consultation to medical<br>medical staff and administrative staff and provided evaluation<br>and treatment services to inmates |
| Jan. 1974 -<br>Mar. 1976 | Director of Intensive Treatment Units of the Child<br>Development Center (Lakeview Center, Inc.)<br>Developed and directed a multidisciplinary partial<br>hospitalization program for severely emotionally<br>disturbed children with a staff of eleven |
| Sept. 1971 -<br>Dec. 1973 | Staff Psychologist of Lakeview Center<br>Provided consultation to Juvenile Courts, Division of<br>Youth Services, and Child Protection Team. Provided<br>direct services for clients. |
| 1973 | Adjunct Professor, University of West Florida<br>Department of Psychology |
| 1972 | Instructor, Pensacola Junior College<br>Department of Psychology |

## ACADEMIC HONORS:

| | |
|---|---|
| 1965 | Blue Key, Men's National Honor Fraternity<br>Beta Beta Beta, National Honorary Biological Society |

## PROFESSIONAL SOCIETY MEMBERSHIPS:

American Psychological Association - Member
Florida Psychological Association - Member and past Council
 Representative
Northwest Chapter of Florida Psychological Association -
 Legislative Chair; Past President
Florida Bar Ethics and Grievance Committee - Past member
Association for Treatment of Sexual Abusers

## PERSONAL DATA:

Born: Grand Island, Nebraska
Date of Birth: December 21, 1943
Status: Married to Shelly Lynn Platt
Children: Dehn (born 1987) and Anna (born 1988)

James D. Larson, Ph.D.
Page 3

## PUBLICATIONS:

Foulkes, D., Larson, J.D., Swanson, E.M., and Rardin, M.W. (1969). Two Studies of Childhood Dreaming. *American Journal of Orthopsychiatry*, 4, 627-643.

Larson, J.D. and Foulkes, D. (1969). Electromyogram Suppression During Sleep, Dream Recall, and Orientation Time. *Psychophysiology*, 5, 548-555.

Larson, J.D., Martin, R., and Fitzgerald, B.J. (1971). Social Class, Reported Parental Behavior and Delinquency Status. *Psychological Reports*, 28, 323-327.

## RECENT PRESENTATIONS:

"Law and Ethics/Domestic Violence & Other Forensic Issues", November 13 and 14, 1997, Lakeview Center, Pensacola, Florida

"Domestic Violence and Other Forensic Issues", "Ethics and Law", November 6 and 7, 1997, Brown Bag Series, Lakeview Center, Pensacola, Florida

"Law and Ethics", September 19, 1996, Lakeview Center, Pensacola, Florida

"Domestic Violence", June 13, 1996, Lakeview Center, Pensacola, Florida

"Forensic Psychology (Law and Ethics)" November 16, 1995, Lakeview Center, Pensacola, Florida

"Domestic Violence/Assessment and Treatment", October 19, 1995, Lakeview Center, Pensacola, Florida