UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND J. WOOD,

    Plaintiff,

vs.                                      CASE NO.: 5:09-CV-340

DALTON UPCHURCH, individually,
JOE NUGENT, in his official capacity as
SHERIFF, GULF COUNTY, FLORIDA,
BOBBY PLAIR, individually,
RICHARD BURKETT, individually, and
PAUL BEASLEY, individually,

    Defendants.
_____/

**MOTION OF DEFENDANTS TO REPLY TO PLAINTIFF'S**
**RESPONSE TO DEFENDANTS' MOTION FOR MEDICAL EXAMINATION**

    Defendants, by and through their undersigned counsel, move this court for a leave to file a brief reply to Plaintiff's Response to Defendants' Motion for Medical Examination, and in support thereof would show:

    1.    Plaintiff's Response to Defendants' Motion for Medical Examination presents an incomplete statement of the communications pertaining to the efforts to reach an agreement on Defendants' Motion. Undersigned counsel initially contacted Plaintiff's counsel with regard to the possibility of having a Rule 35 examination completed on the Plaintiff on Friday, April 9, 2010. Plaintiff's counsel responded that she would "think about it" and would get back with undersigned counsel on Monday. No response was received by Plaintiff's counsel on Monday until undersigned counsel prompted Plaintiff's counsel with yet another communication. At that time, Plaintiff's counsel advised, "I will consent to the examination. I am not yet certain about the examiner but will

advise within the next several hours." At that time no concerns were expressed pertaining to the scope of the examination, the testing to be performed or for the location of the examination. Contrary to Plaintiff's attorney's representation, a response was not received within hours. Instead, it was not until on Tuesday afternoon, after undersigned counsel again attempted to prompt a response from the Plaintiff's attorney, who stated: "If the examiner and the exam go together and if there is no negotiating on the examiner, you may represent that I object to both." No reason was stated for any objections to the examiner and no objection was state as to the scope or location of the exam. This response was not received until 4:29 p.m., on Tuesday, April 13, 2010. It was only when undersigned counsel inquired as to what the problem was with the examiner, that Plaintiff's attorney then raised yet additional questions pertaining to the Rule 35 exam referenced in Plaintiff's response. Because: 1) Plaintiff's counsel had already engaged in what undersigned counsel perceived as delaying tactics in responding to undersigned counsel's requests: 2) and undersigned counsel perceived Plaintiff's counsel's response was yet another delaying tactic; and 3) the short time frames involved before the scheduled exam, undersigned counsel proceeded to file the motion with the expectation that the court would request a response from the Plaintiff's attorney.

2.      Plaintiff's motion is further incorrect to the extent as it pertains to representations as to the scope of the examination. For instance, Plaintiff seeks to prohibit examination of matters into Plaintiff's sex life, marriage, relationships and any other private matter. Plaintiff also appears to request a limitation on the time frame of the examination of Plaintiff's mental state to his current status and his status since the time of the activities giving rise to the causes of action. However, Plaintiff, in his discovery responses and at deposition, has testified that the events in question had adversely impacted his marriage. As such, this would be an area that the examiner should be

permitted to inquire of. Moreover, from records obtained by Defendants through the subpoena process, it is apparent that at the time of these events Plaintiff suffered from and was being treated for mental conditions that may be similar to those he is complaining of as a result of the events in question. Since this may create a situation where Plaintiff's condition is more in the nature of an aggravation of a pre-existing condition as opposed to a newly created condition, the examiner should be permitted to inquire into these aspects of Plaintiff's mental health as well. Simply stated, in evaluating the mental health of an individual, a wide range of circumstances over time may have an impact and this is particularly so when pre-existing mental health issues exist.

3. Plaintiff's representations and concerns pertaining to the scope of the examination as it pertains to testing are also inaccurate. The appropriate testing to be administered to an individual on a Rule 35 examination may vary depending upon the information disclosed to the examiner during the course of the initial clinical interview. According to the examiner the Defendants propose to use, John Larson, Ph.D., he cannot determine the precise testing that will be required of the Plaintiff until he has had an opportunity to conduct a personal clinical interview. Plaintiff's attorney appears to presume that it is Defendants' intent or purpose to subject the Plaintiff to an onerous and unreasonable examination process. However, the credentials of Dr. Larson revealed his extensive experience in the field and provide no basis for any such concerns on the part of the Plaintiff or his attorney.

4. Defendants have no objection to the examination being recorded by audiotape. Defendants would object to the presence of the court reporter, a videographer, or the Plaintiff's counsel at the examination as the presence of such persons could serve to be disruptive to the process and influence the process. *See*, Hirschheimer v Associated Metals, 1995 W.L. 736901 (S.D.N.Y.

1995).

5. In addition, Plaintiff's attorney engages in gross misrepresentation as to the holdings of many of the cases relied upon. For instance, Thomas v. Chater, 104 F.3d 356 (2nd Cir. 1996), is not a blanket statement regarding the use of the MMPI, but instead it involves very specific circumstances involving a disability determination. The same is the case in Colvard v. Chater, 59 F.3d 165 (4th Cir. 1995), where the court recognized the use of the MMPI as a diagnostic tool. With regard to the Plaintiff's suggestion that the use of the MMPI has been disapproved of, the case cited to by the Plaintiff is an employment case and the basis of the object was that the questions are not "job related." In the instant case, this is not the issue; instead, the purpose of the MMPI, a well accepted test utilized within the psychological community, would be to determine Plaintiff's present mental state and the extent to which factors such as malingering are involved. In Hirschheimer v Associated Metals, 1995 W.L. 736901 (S.D.N.Y. 1995), the court ordered the plaintiff in an employment discrimination claim to submit to a psychological examination, including the administration of the MMPI test. The court noted that "the MMPI - II is a well established psychological test ... it is still useful as part of a psychological examination." In that case, the court also held that no one should be present except the examiner and the Plaintiff, and the sessions should not be recorded.

## CERTIFICATE OF COMPLIANCE:

6. Defendants' counsel has attempted to determine whether Plaintiff opposes this motion as required under the provisions of Rule 7.1, Rules for the United States District Court, Northern District of Florida. Plaintiff's counsel has not responded to undersigned counsel's communication in that regard.

WHEREFORE, Defendant moves this Court for leave to Reply to Plaintiff's Response to Defendants Motion for a Rule 35 Examination and urges that the Plaintiff be required to submit to a Rule 35 mental examination.

Respectfully submitted, this 21st day of April, 2010.

      /s/ Keith C. Tischler
KEITH C. TISCHLER
Fla. Bar No. 0334081
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913

*Attorney for Defendants Nugent, Plair, Burkett & Beasley*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via electronic filing to Marie Mattox, 310 East Bradford Road, Tallahassee, Florida 32303; Timothy M. Warner, Post Office Box 1820, Panama City, Florida, 32402; Ginger Barry, 200 Grand Boulevard, Suite 205A, Destin, Florida, 32550; Robert S. Sombathy, Post Office Box 430, Panama City, Florida, 32402 this 21st day of April 2010.

      /s/ Keith C. Tischler
KEITH C. TISCHLER