UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND J. WOOD,

    Plaintiff,

vs.                                      CASE NO.: 5:09-CV-340

DALTON UPCHURCH, individually,
JOE NUGENT, in his official capacity as
SHERIFF, GULF COUNTY, FLORIDA,
BOBBY PLAIR, individually,
RICHARD BURKETT, individually, and
PAUL BEASLEY, individually,

    Defendants.

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR MEDICAL EXAMINATION

Defendants, by and through their undersigned counsel, submit their reply to Plaintiff's Response to Defendants' Motion for Medical Examination, and would show:

### 1.    INTRODUCTION / CONSULTATION:

Plaintiff's Response to Defendants' Motion for Medical Examination presents an incomplete statement of the communications pertaining to the efforts to reach an agreement on Defendants' Motion. Undersigned counsel initially contacted Plaintiff's counsel with regard to the possibility of having a Rule 35 examination completed on the Plaintiff on Friday, April 9, 2010. Plaintiff's counsel responded that she would "think about it" and would get back with undersigned counsel on Monday. No response was received by Plaintiff's counsel on Monday until undersigned counsel prompted Plaintiff's counsel with yet another communication. At that time, Plaintiff's counsel advised, "I will consent to the examination. I am not yet certain about the examiner but will advise

within the next several hours." At that time no concerns were expressed pertaining to the scope of the examination, the testing to be performed or for the location of the examination. Contrary to Plaintiff's attorney's representation in the e-mail, a response was not received within hours. Instead, it was not until on Tuesday afternoon, after undersigned counsel again attempted to prompt a response from the Plaintiff's attorney, when undersigned counsel was advised: "If the examiner and the exam go together and if there is no negotiating on the examiner, you may represent that I object to both." No reason was stated for any objections to the examiner and no objection was stated as to the scope or location of the exam. This response was not received until 4:29 p.m., on Tuesday, April 13, 2010. It was only when undersigned counsel inquired as to what the problem was with the examiner, that Plaintiff's attorney then raised yet additional questions pertaining to the Rule 35 exam referenced in Plaintiff's response. Because: 1) Plaintiff's counsel had already engaged in what undersigned counsel perceived as delaying tactics in responding to undersigned counsel's requests: 2) undersigned counsel perceived Plaintiff's counsel's response was yet another delaying tactic; and 3) the short time frames involved before the scheduled exam, undersigned counsel proceeded to file the motion with the expectation that the court would request a response from the Plaintiff's attorney. Attached hereto as Exhibit A is a set of the e-mail exchanges between counsel.

2. **SCOPE AND LOCATION OF THE EXAMINATION**

a. **Limits upon the scope of questioning as a part of the examination:**

Although not raised in any communication prior to the filing of Defendants' motion, Plaintiff, in his motion, seeks to prohibit examination of matters into Plaintiff's sex life, marriage, relationships and any other private matter. Plaintiff also appears to request a limitation on the time frame of the examination of Plaintiff's mental state to his current status and his status since the time

2

of the activities giving rise to the causes of action. These are issues not raised in any of the previous communications regarding the examination. Regardless, Plaintiff, in his discovery responses and at deposition, has testified that the events in question had adversely impacted his marriage. As such, this would be an area that the examiner should be permitted to inquire into. Moreover, from records obtained by Defendants through the subpoena process, it is apparent that at the time of these events Plaintiff suffered from and was being treated for mental conditions that may be similar to those he is complaining of as a result of the events in question. Since this may create a situation where Plaintiff's condition is more in the nature of an aggravation of a pre-existing condition as opposed to a newly created condition, the examiner should be permitted to inquire into these aspects of Plaintiff's mental health as well. Simply stated, in evaluating the mental health of an individual, a wide range of circumstances over time may have an impact and this is particularly so when pre-existing mental health issues exist. Plaintiff offers no authority to limit the examination in manner suggested.

     b.    **Scope of Examination and Testing:**

As to the scope of the examination as it pertains to testing, the appropriate testing to be administered to an individual on a Rule 35 examination may vary depending upon the information disclosed to the examiner during the course of the initial clinical interview. According to the examiner the Defendants propose to use, John Larson, Ph.D., he cannot determine the precise testing that will be required of the Plaintiff until he has had an opportunity to conduct a personal clinical interview. Plaintiff's attorney appears to presume that it is Defendants' intent or purpose to subject the Plaintiff to an onerous and unreasonable examination process. However, the credentials of Dr. Larson revealed his extensive experience in the field and provide no basis for any such concerns on

3

the part of the Plaintiff or his attorney. The courts have routinely accepted testing as an appropriate part of the mental examination process, despite the misinterpretation of the case law provided by the Plaintiff, much of which supports the administration of testing, including the MMPI as a part of a mental health examination.

For instance, Thomas v. Chater, 104 F.3d 356 (2nd Cir. 1996), is not a blanket statement regarding the use of the MMPI, but instead it involves very specific circumstances involving a disability determination. The same is the case in Colvard v. Chater, 59 F.3d 165 (4th Cir. 1995), where the court, in fact, recognized the use of the MMPI as a diagnostic tool. With regard to the Plaintiff's suggestion that the use of the MMPI has been disapproved of, the case cited to by the Plaintiff is an employment case and the basis of the object was that the questions are not "job related." It is not a federal case; it does not apply the federal rule. In the instant case, this is not the issue. It is well recognized that the MMPI is a well accepted test utilized within the psychological community, useful to determine Plaintiff's present mental state and the extent to which factors such as malingering are involved. In Hirschheimer v Associated Metals, 1995 W.L. 736901 (S.D.N.Y. 1995), the court ordered the plaintiff in an employment discrimination claim to submit to a psychological examination, including the administration of the MMPI test. The court noted that "the MMPI - II is a well established psychological test ... it is still useful as part of a psychological examination." In that case, the court also held that no one should be present except the examiner and the Plaintiff, and the sessions should not be recorded.

As with the nature of the testing to be conducted, it is difficult to state how long the process will take. According to Dr. Larson, it is undersigned counsel's understanding that approximately two hours would be expected for the initial interview and additional time for testing, governed by the

amount of time it takes for Plaintiff to complete any testing.

### c. Recording of examination:

Defendants have no objection to the examination being recorded by audiotape. Defendants would object to the presence of the court reporter, a videographer, or the Plaintiff's counsel at the examination as the presence of such persons could serve to be disruptive to the process and influence the Plaintiff or the process. *See*, Hirschheimer v Associated Metals, 1995 W.L. 736901 (S.D.N.Y. 1995), where even recording was prohibited.

### d. Location of examination:

Once again, this is an issue raised by Plaintiff's attorney for the first time in the response to Defendants' motion. Defendants addressed this issue in their original motion and will not repeat that same discussion other than to note that Defendants should not be bound to select an examiner, regardless of qualifications, simply based upon location or the convenience of the Plaintiff. The point of the examination is to have a qualified examiner conduct the examination and to have a quality examination occur. Defendants believe Dr. Larson's credentials as set forth in Exhibit B to this reply demonstrate his qualifications. As noted in Defendants' original motion, Plaintiff is not employed, has previously traveled to Panama City on multiple occasions to attend depositions in this case, and Defendants will reimburse Plaintiff for reasonable expenses associated with the examination.

WHEREFORE, Defendant urges that the Plaintiff be required to submit to a Rule 35 mental examination.

5

Respectfully submitted, this 26th day of April, 2010.

/s/ Keith C. Tischler
KEITH C. TISCHLER
Fla. Bar No. 0334081
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913

*Attorney for Defendants Nugent, Plair, Burkett & Beasley*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via electronic filing to Marie Mattox, 310 East Bradford Road, Tallahassee, Florida 32303; Timothy M. Warner, Post Office Box 1820, Panama City, Florida, 32402; Ginger Barry, 200 Grand Boulevard, Suite 205A, Destin, Florida, 32550; Robert S. Sombathy, Post Office Box 430, Panama City, Florida, 32402 this 26th day of April 2010.

/s/ Keith C. Tischler
KEITH C. TISCHLER

6

**EXHIBIT A**

## Keith Tischler

**From:** Marie Mattox [marie@mattoxlaw.com]
**Sent:** Tuesday, April 13, 2010 4:33 PM
**To:** Keith Tischler
**Subject:** RE: wood v. gulf

I don't think he has the credentials. He has capital murder experience and I have learned that he is just in this expert stuff for the money. I also don't have the names of tests, etc. I object to testing like the MMPI. What would your expert do? How long would the examination last? Would you allow a court reporter?

**From:** Keith Tischler [mailto:kct@JOLLYLAW.com]
**Sent:** Tuesday, April 13, 2010 4:30 PM
**To:** Marie Mattox
**Subject:** RE: wood v. gulf

What is the problem with the examiner?

*Keith C. Tischler*
Jolly & Peterson, P.A.
2145 Delta Blvd., Suite 200
Tallahassee, FL 32303
850-422-0282
850-422-1913 (fax)

**THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS NOT SUBJECT TO ACCESS OR DISCLOSURE AS A PUBLIC RECORD UNDER CHAPTER 119, FLORIDA STATUTES, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED AGENT FOR THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED.**

-----Original Message-----
**From:** Marie Mattox [mailto:marie@mattoxlaw.com]
**Sent:** Tuesday, April 13, 2010 4:29 PM
**To:** Keith Tischler
**Subject:** RE: wood v. gulf

If the examiner and the exam go together and there is no negotiating on the examiner, you may represent that I object to both.

**From:** Keith Tischler [mailto:kct@JOLLYLAW.com]
**Sent:** Tuesday, April 13, 2010 2:58 PM
**To:** Marie Mattox
**Subject:** RE: wood v. gulf

Marie, any decision. I will need to file the motion today if you will not agree. it is also my understanding the doctor will want to do the examination & testing on Friday, 30 april. Thanks.

4/26/2010

*Keith C. Tischler*
Jolly & Peterson, P.A.
2145 Delta Blvd., Suite 200
Tallahassee, FL 32303
850-422-0282
850-422-1913 (fax)

**THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS NOT SUBJECT TO ACCESS OR DISCLOSURE AS A PUBLIC RECORD UNDER CHAPTER 119, FLORIDA STATUTES, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED AGENT FOR THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED.**

-----Original Message-----
**From:** Marie Mattox [mailto:marie@mattoxlaw.com]
**Sent:** Monday, April 12, 2010 4:57 PM
**To:** Keith Tischler
**Subject:** RE: wood v. gulf

I will consent to the examination. I am not yet certain about the examiner but will advise within the next several hours.

---

**From:** Keith Tischler [mailto:kct@JOLLYLAW.com]
**Sent:** Monday, April 12, 2010 11:49 AM
**To:** Marie Mattox
**Cc:** timwarner@warnerlaw.us
**Subject:** RE: wood v. gulf

Marie, any decision? I will need to file a motion today if there is not consent. Thanks.

*Keith C. Tischler*
Jolly & Peterson, P.A.
2145 Delta Blvd., Suite 200
Tallahassee, FL 32303
850-422-0282
850-422-1913 (fax)

**THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS NOT SUBJECT TO ACCESS OR DISCLOSURE AS A PUBLIC RECORD UNDER CHAPTER 119, FLORIDA STATUTES, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED AGENT FOR THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED.**

4/26/2010

-----Original Message-----
**From:** Marie Mattox [mailto:marie@mattoxlaw.com]
**Sent:** Friday, April 09, 2010 3:05 PM
**To:** Keith Tischler
**Subject:** RE: wood v. gulf

Thinking about it and will let you know by Monday.

---

**From:** Keith Tischler [mailto:kct@JOLLYLAW.com]
**Sent:** Friday, April 09, 2010 2:56 PM
**To:** Marie Mattox
**Cc:** timwarner@warnerlaw.us
**Subject:** wood v. gulf

Marie,

We would like to have Mr. Wood examined by my own psychologist to assess his mental health claims. Attached is the vita of the person I propose to use. We would like to have the exam conducted during the week of April 26, probably that Monday. We will, of course, reimburse Mr. Wood for travel expenses associated with his travel to Pensacola. Please advise if you are agreeable to this or if I need to file a motion with the court.

*Keith C. Tischler*
Jolly & Peterson, P.A.
2145 Delta Blvd., Suite 200
Tallahassee, FL 32303
850-422-0282
850-422-1913 (fax)

**THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS NOT SUBJECT TO ACCESS OR DISCLOSURE AS A PUBLIC RECORD UNDER CHAPTER 119, FLORIDA STATUTES, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED AGENT FOR THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED.**

**EXHIBIT B**

PSYCHOLOGICAL ASSOCIATES
600 East Government Street
Pensacola, Florida 32502
Telephone (850) 434-5033
Fax (850) 433-0268


JAMES D. LARSON, PH.D.
Licensed Psychologist


CURRICULUM VITAE
Current as of September 2009

**LICENSURE:**

Licensed as a Psychologist in the State of Florida in 1973
License Number: PY2379

**EDUCATION:**

| | |
|---|---|
| 1967-1971 | University of Wyoming<br>Ph.D. in Clinical Psychology awarded in August 1971 |
| 1970-1971 | Norfolk Regional Center<br>Psychological Internship in A.P.A. approved program |
| 1966-1967 | University of Wyoming<br>Master of Arts in Psychology awarded in June 1967 |
| 1962-1966 | Nebraska Wesleyan University<br>Bachelor of Arts awarded June 1966 |

**EXPERIENCE:**

| | |
|---|---|
| January 2001 - Present | Director of Forensic Psychiatry and Psychology at Psychological Associates |
| July 1981 - Present | Independent practice in Clinical Psychology including: |

    A) Senior partner of Psychological Associates, a private group practice and consulting firm in Pensacola, Florida

    B) Private case load: Evaluation and Treatment of a broad range of Psychological Disorders

    C) Forensic Psychology: Evaluation and Treatment of a wide range of civil and criminal cases; in excess of 3,000 Court Ordered evaluations in County Courts, Circuit Courts, Military Courts, Federal Courts, and Administrative Courts. Evaluation and treatment of sexual offenders and victims of sexual abuse. Workers Compensation evaluations and treatment.

**James D. Larson, Ph.D.**
**Page 2**

| | |
|---|---|
| 2000 - 2001 | Adjunct Professor, University of West Florida<br>Department of Criminology |
| 1981 - 1986 | Chief Consulting Psychologist, West Florida Community Care<br>Provided direct and indirect services to this Psychiatric<br>Hospital in Milton, Florida |
| 1983 - 1985 | Chief Consulting Psychologist, Road Camp 5, (an Escambia<br>County Road Camp Prison) - provided consultation to medical<br>medical staff and administrative staff and provided evaluation<br>and treatment services to inmates |
| Jan. 1974 -<br>Mar. 1976 | Director of Intensive Treatment Units of the Child<br>Development Center (Lakeview Center, Inc.)<br>Developed and directed a multidisciplinary partial<br>hospitalization program for severely emotionally<br>disturbed children with a staff of eleven |
| Sept. 1971 -<br>Dec. 1973 | Staff Psychologist of Lakeview Center<br>Provided consultation to Juvenile Courts, Division of<br>Youth Services, and Child Protection Team. Provided<br>direct services for clients. |
| 1973 | Adjunct Professor, University of West Florida<br>Department of Psychology |
| 1972 | Instructor, Pensacola Junior College<br>Department of Psychology |

## ACADEMIC HONORS:

| | |
|---|---|
| 1965 | Blue Key, Men's National Honor Fraternity<br>Beta Beta Beta, National Honorary Biological Society |

## PROFESSIONAL SOCIETY MEMBERSHIPS:

American Psychological Association - Member
Florida Psychological Association - Member and past Council
  Representative
Northwest Chapter of Florida Psychological Association -
  Legislative Chair; Past President
Florida Bar Ethics and Grievance Committee - Past member
Association for Treatment of Sexual Abusers

## PERSONAL DATA:

Born: Grand Island, Nebraska
Date of Birth: December 21, 1943
Status: Married to Shelly Lynn Platt
Children: Dehn (born 1987) and Anna (born 1988)

## PUBLICATIONS:

Foulkes, D., Larson, J.D., Swanson, E.M., and Rardin, M.W. (1969). Two Studies of Childhood Dreaming. *American Journal of Orthopsychiatry*, 4, 627-643.

Larson, J.D. and Foulkes, D. (1969). Electromyogram Suppression During Sleep, Dream Recall, and Orientation Time. *Psychophysiology*, 5, 548-555.

Larson, J.D., Martin, R., and Fitzgerald, B.J. (1971). Social Class, Reported Parental Behavior and Delinquency Status. *Psychological Reports*, 28, 323-327.

## RECENT PRESENTATIONS:

"Law and Ethics/Domestic Violence & Other Forensic Issues", November 13 and 14, 1997, Lakeview Center, Pensacola, Florida

"Domestic Violence and Other Forensic Issues", "Ethics and Law", November 6 and 7, 1997, Brown Bag Series, Lakeview Center, Pensacola, Florida

"Law and Ethics", September 19, 1996, Lakeview Center, Pensacola, Florida

"Domestic Violence", June 13, 1996, Lakeview Center, Pensacola, Florida

"Forensic Psychology (Law and Ethics)" November 16, 1995, Lakeview Center, Pensacola, Florida

"Domestic Violence/Assessment and Treatment", October 19, 1995, Lakeview Center, Pensacola, Florida