UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RAYMOND J. WOOD,**     CASE NO.: 5:09-cv-340-RS/MD

    **Plaintiff,**

v.

**DALTON UPCHURCH, individually,
JOE NUGENT, in his official capacity as
SHERIFF, GULF COUNTY, FLORIDA,
BOBBY PLAIR, individually,
RICHARD BURKETT, individually, and
PAUL BEASLEY, individually**

    **Defendants,**
_____/

**PLAINTIFF'S RULE 72 OBJECTIONS TO ORDER OF MAGISTRATE JUDGE**

Plaintiff, pursuant to Fed.R.Civ.P. 72 and 28 U.S.C. §636, respectfully submits the following objections to an Order of the Magistrate Judge served on April 27, 2010, Doc 56, granting Defendant's Motion for Mental Examination:

**I.  STANDARD OF REVIEW**

Under both Fed.R.Civ.P. 72 and 28 U.S.C. §636, the Court reviews the Order of a Magistrate Judge to determine if it is either "clearly erroneous" or "contrary to law."  Normally, factual determinations fall under the "clearly erroneous" standard, which is deferential, while legal issues and dispositive matters fall under the "contrary to law" standard, which calls for *de*

*novo* review.  Mixed questions of fact and law are reviewed *de novo*.  Wright, Miller & Marcus, Federal Practice & Procedure §3070.2 (2008)(collecting and discussing numerous authorities).

Further, where, as here, the decision of the Magistrate Judge under review does not offer an independently reasoned explanation for its decision and adopts one party's arguments and claims, it is incumbent on the Court to check that decision "with particular, even painstaking care."  Holland v. Island Creek Corp., 885 F. Supp. 4 (D. D.C. 1995)(quoting Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F. 2d 1395, 1408 (D.C. Cir. 1988)(internal quotation marks omitted).  In the Order at issue, the Magistrate Judge gave no reason at all for granting the Defendant's Motion for Mental Examination, did not address the points made by Plaintiff, and simply adopted the Defendants' position.

This filing is necessary to preserve the right to appeal.  A party's failure to appeal a magistrate judge's order in a non-dispositive matter to the district court may not raise an objection to it on appeal to the court of appeals.  Farrow v. West, 320 F. 3d 1235 (11th Cir. 2003).

## II.  INTRODUCTION

This is a false arrest case in which the Plaintiff claims damages.  Defendants filed a Motion for Mental Examination.  Plaintiff consented to the examination but not to the examiner, the location of the examination and the failure of the Defendants to identify the tests to be administered, the length of the examination and other factors critical to the Plaintiff's ability to determine whether the examination is proper.

The Magistrate Judge granted the Defendants' Motion but left everything about the examination, in a location that causes a hardship in Plaintiff, to the discretion of the examiner.  The examination has been ordered for Friday, April 30, 2010.

### III. MEMORANDUM OF LAW

**FIRST OBJECTION: The Magistrate Judge Stated No Reason for Granting the Defendants' Motion for Mental Examination Under the Circumstances Presented by the Defendants**

In his Response in Opposition to Defendants' Motion for Mental Examination, the Plaintiff set forth at length arguments and authorities showing that the location of the examination was a hardship on the Plaintiff. He set forth at length arguments and authorities showing that Plaintiff has a right to know the length of the examination and the tests that are being administered during the examination. The Order entered by the Magistrate Judge did not explain why these requests were denied.

The Order simply grants the motion with no explanation of why the Defendants' Motion was granted. Thus, the District Judge, in reviewing the Order, cannot tell whether it is based on a good reason or bad. If there comes a time when the appeals court reviews the Order, it too cannot tell if it is correct or not.

> "[T]he district judge must actually review and consider the evidence presented to the magistrate judge; for the district judge to act on the basis of the magistrate judge's findings and recommendations alone establishes that de novo review has not occurred. This "threshold requirement" was embodied in the Ninth Circuit case adopted in the legislative history of the Act and continues to be required under Rule 72(b).

Wright, Miller & Marcus, Federal Practice & Procedure § 3070.2 (2008)(footnotes omitted). Where the basis of the Magistrate Judge's Order is not stated, the District Judge cannot "actually review" the Order. In such a situation, like this, Plaintiff is respectfully requesting that the District Judge review the motion/response and decide the issue fresh rather than remanding for further action.

**SECOND OBJECTION: The Magistrate Judge Failed to Determine or to Have the Defendants Identify the Manner and Scope of the Mental Examination**

Plaintiff objected to the mental examination because the Defendants failed to adequately describe the manner and scope of the examination. The only description of the examination offered by the Defendants in their Motion is that "Dr. Larson's mental examination would consist of a personal clinical interview and would require Plaintiff to participate in some standard psychological testing." [Defendants' Motion, pg. 6]. Plaintiff would also be required to travel to Pensacola which would be a substantial hardship on Plaintiff.

A.   **LOCATION OF THE EXAMINATION**

The Magistrate Judge, without any discussion or consideration of the fact that the Plaintiff would suffer a hardship by having to travel to Pensacola for the examination, approved the examination there. Defendants suggested that an examination in Pensacola would not be overly burdensome for the Plaintiff. Nothing could be further from the truth.

In 1987, Raymond Wood had to have his right arm amputated after an industrial accident. Mr. Wood does not have a car. He is not employed and has no meaningful income. He cannot get to Pensacola for the examination, even if the Defendants paid for his gas.

Defendants state in their Motion that Plaintiff has previously traveled to Panama City to attend depositions. This is apparently tantamount to Plaintiff driving an additional two hours or more on the highway to Pensacola. There is a big difference between Plaintiff driving on the back roads to Panama City versus driving with one arm on I-10 to Pensacola, presuming that he is able to borrow someone's car to get there. He has no transportation.

Although the prevailing view is that mental examinations should take place in the district where the action is pending, Plaintiff B v. Francis, 2009 WL 1360853, *1 (N.D. Fla. 2009), the examination should be where the trial will be held to allow for the examining expert to be

available conveniently for testimony. See Baird v. Quality Foods, Inc., 47 F.R.D. 212 (E.D. La. 1969). Moreover, there are many psychologists in the Panama City area of similar practice in the area in which Plaintiff resides and this action was filed. Motion to compel examinations have been denied when travel was required for distances that the Plaintiff would be required to travel in this case. See Stuart v. Burford, 42 F.R.D. 591, 592 (N.D. Okla. 1967)(court took notice that over 40 doctors of similar practice were in the area where Plaintiff resided and the action was filed and denied a motion to compel an examination in a city over 118 miles away); Rainev v. Wal-Mart Stores, Inc., 139 F.R.D. 94 (W.D. La. 1991)(270 miles is too far when the defendant made no argument that there were not other physicians "similar in stature, training or quality" to those in the forum district); Pierce v. Broviq, 16 F.R.D. 569, 570 (S.D. N.Y. 1954).

### B.   SCOPE OF THE EXAMINATION

With respect to testing, the Magistrate Judge stated that the "Defendants' expert will determine the scope of the examination, the length of the examination, and the appropriate tests." Plaintiff opposes being required to attend a mental examination in which the tests have not been disclosed. He opposes undergoing a series of invasive, unreliable and invalid examinations that may be inadmissible under the Federal Rules of Evidence 402, 403, 404, Kumho Tire v. Carmichael, 526 U.S. 137 (1999), and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 549 (1993). In Kumho Tire, the U.S. Supreme Court held that Daubert applies not just to "scientific testimony" but to all expert testimony. Kumho, 526 U.S. at 137. Under Daubert, the proponent of the evidence must show that (1) the exam theory or technique is based on scientific knowledge; (2) the exam theory has been tested, has a low rate of error, and is based on generally accepted scientific propositions; (3) the exam will help a jury in determining a material issue of

fact; and (4) the exam is "relevant" and the expert's testimony will be sufficiently tied to the facts of the case so that it will aid the jury in resolving a factual dispute. Daubert, 509 U.S. at 592-93.

The Plaintiff cannot determine if the tests that the expert proposes to give to the Plaintiff meet the Daubert requirements because no tests have been identified. See Usher v. Lakewood Engineering & Mfg. Co., 158 F.R.D. 411 (N.D. Ill. 1994)(denial of psychological testing appropriate where there was a question of the adequacy of correlation factors and validity factors of all psychological tests in question.). Plaintiff knows nothing about this examination as the Defendants have failed to specify the "time, place, manner, conditions, and scope of the examination" as required by Rule 35. Defendants have done nothing more in their moving papers than identify a psychologist, his location, and state that the examination will consist of a personal clinical interview and some "standard psychological testing." There are no limitations proposed upon the examination. This is plainly insufficient under Rule 35. As discussed below, Plaintiff is entitled to have other limitations imposed on any mental examination that may be ordered.

(1) **Plaintiff's Counsel or a Court Reporter Should be Present at the Examination and the Examination Recorded by Videotape**

Courts have recognized that Rule 35 examinations are more in the nature of an adversarial proceeding than an impartial medical examination. See, e.g., Sidari v. Orleans County, 174 F.R.D. 275, 291 (W.D.N.Y. 1996) (allowing audio recorder at mental examination of party); Vreeland v. Ethan Allen, Inc., 151 F.R.D. 552 (S.D.N.Y. 1993) (holding that the plaintiff's counsel could be present during Rule 35 examination by the defendant's expert); Di Bari v. Incaica Cia Armadora, S.A., 126 F.R.D. 12, 14 (E.D.N.Y. 1989)(allowing a stenographer at the plaintiff's psychiatric examination); Zabkowicz v. West Bend Company, 585 F.Supp. 635

(E.D. Wis. 1984) (holding that the plaintiff was entitled to have a recording device or counsel present while the defendant's psychiatrist conducted a mental examination); B.D. v. Carley, 307 N.J. Super. 259, 704 A.2d 979, 981 (App. Div. 1998) (allowing recording of examination to test the accuracy of the examiner's notes or recollections, and preserve the atmosphere of the examination); Jacob v. Chaplin, 639 N.E.2d 1010, 1013 (Ind. 1994) (allowing parties to record examination in the absence of some overriding reason to prohibit the recording); Langfeldt-Haaland v. Saupe Enterprises, Inc., 768 P.2d 1144, 1147 (Alaska 1989) (holding that party's attorney could attend physical examinations of a party, and that recording should be allowed).

Although the Magistrate Judge has permitted an audio recording of the examination, Plaintiff is requesting that a court reporter be permitted to attend to accurately record the entire examination.

    (2)    **Defendant Should Disclose any Written Documentation that Its Expert Intends to Submit to Plaintiff in Advance of the Examination**

Defendants should be required to disclose any psychological tests or other documentation that their expert intends to submit to Plaintiff. Any tests or written documentation to be administered to Plaintiff should be specifically identified in a Rule 35 order, and provided in advance to Plaintiff's counsel. The courts have held that in light of the potential for misuse of such tests and documentation, the party to be examined has the right to learn about, review, and challenge any such tests or documentation. See, e.g., Thomas v. Chater, 104 F.3d 356 (2d Cir. 1996)(holding that reliance upon the MMPI-II (Minnesota Multiphasic Personality Inventory) as diagnostic tool was improper); Colvard v. Chater, 59 F.3d 165 (4th Cir. 1995) (same); Hirschheimer v. Associated Metals & Minerals Corp., 1995 WL 736901 (S.D.N.Y. 1995) (ordering that tests to be given during examination should be identified); Usher v. Lakewood

Engineering & Manufacturing Co., 158 F.R.D. 411 (N.D. Ill. 1994) (denying the defendant's request for certain psychological tests as being unreliable).[1]

  (3) **The Court Should Order Reasonable Limits Upon the Scope of the Questioning of Plaintiff at the Examination.**

The Court should order reasonable limitations upon the scope of the examination. Neither the Magistrate Judge nor the Defendants place any limits upon the scope of the questioning. This would open the Plaintiff up to intrusive questioning about matters entirely unrelated to his arrests in this case, including questions about his sex life, his marriage, his relationship with his parents, and a range of irrelevant, private, and sensitive, matters. Defendants' have not been required by the Magistrate Judge not have they voluntarily discussed any limitations upon the questioning, or to even identify the subjects about which their psychologist proposes to examine Plaintiff. The Magistrate Judge imposed no limitations, leaving all matters of the examination solely to the discretion of the expert. This examination could end up as a "second" deposition of the Plaintiff, only without the benefit of his counsel. Without limits on the scope of the examination, the examiner will have unrestricted and

---

[1] There are a number of objections that Plaintiff can raise to various tests that may be proposed and he reserves the right to make these objections when the tests are actually revealed. For example, Plaintiff would object to the MMPI being administered in this case. In Soroka v. Dayton Hudson Corp., 6 IER Cases (BNA) 1491, 1492-93 (Cal. Ct. App., 1st Dist. 1991), the MMPI-II was refused in an employment case on the ground that, among other things, defendant would not be entitled to answers to questions on the MMPI-II through normal discovery procedures and therefore should not be entitled to obtain this irrelevant and potentially prejudicial information through the use of an MMPI test. The questions were shown not to be "job related" and thus violated the federal right to privacy standard, under which employees may not be compelled to submit to a violation of their right to privacy unless a clear, direct nexus exists between the nature of the employee's duty and nature of the violation. Id. at 1497.

unfettered access to the Plaintiff, which is antithetical to Rule 35's required notice of the "time, place, manner, conditions, and scope of the examination".

## IV. CONCLUSION

Plaintiff respectfully requests that the Magistrate Judge's Order be reversed and that an order be entered covering the following:

1. That the examination be within a 50 mile radius of the Plaintiff's residence;

2. That all tests and other examination techniques be disclosed to Plaintiff's counsel at least ten (10) days prior to the examination so that objections can be made, if any;

3. That a limitation of three hours be placed on the examination;

4. That the alternative examiner be properly credentialed in performing the type of evaluation sought by the Defendants;

5. That the mental examination be limited to examining the Plaintiff's current and prior mental state from the relevant time period of activities giving rise to this lawsuit through the present;

6. That the examination be limited to the nature and circumstances of Plaintiff's mental impairments, emotional distress based on the acts and omissions of the Defendants, and to Plaintiff's current mental state;

7. That provision be made for the report and information gathered by the examiner to be maintained as "confidential" for use solely in the pending litigation and to be viewed by attorneys' eyes only;

8.      That Plaintiff's counsel or a court reporter and a videographer be permitted to be present during the examination; and

9.      That the examiner's report, test scores, raw data and all notes be provided to Plaintiff's counsel and that Plaintiff's counsel will have an opportunity to depose Defendant's expert.  See <u>Tracey P. v. Sarasota County</u>, 2006 WL 1678908 (M.D. Fla. 2006)(detailing restrictions on mental examination).

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida  32303
Telephone:   (850) 383-4800
Facsimile:    (850) 383-4801

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided by CM/ECF to all counsel of record this 29th day of April, 2010

/s/ Marie A. Mattox
Marie A. Mattox