UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND J. WOOD,

    Plaintiff,

vs.                              CASE NO.: 5:09-CV-340

DALTON UPCHURCH, individually,
JOE NUGENT, in his official capacity as
SHERIFF, GULF COUNTY, FLORIDA,
BOBBY PLAIR, individually,
RICHARD BURKETT, individually, and
PAUL BEASLEY, individually,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO ORDER OF MAGISTRATE JUDGE WITH INCORPORATED MEMORANDUM OF LAW

Defendants, by and through their undersigned counsel, submit their response to Plaintiff's Objections to Order of Magistrate (Doc. 57), and would show:

### 1. STANDARD OF REVIEW

Plaintiff correctly states the standard of review found in the applicable Rule 72. It is worth noting, however, that in applying these standards the courts have stated that for purposes of rule providing for "clearly erroneous" review of non-dispositive magistrate judge's orders, the clearly erroneous standard of review means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. Westefer v. Snyder, 472 F.Supp.2d 1034 (S.D.Ill.2006); Kounelis v. Sherrer, 529 F.Supp.2d 503 (D.N.J.2008); Clark v. Milam, 155 F.R.D. 546 (S.D.W.Va.1994); Westefer v. Snyder, 472 F.Supp.2d 1034 (S.D.Ill.2006). This standard has been characterized as "extremely deferential." American Ins. Co. v. St. Jude

Medical, Inc., 597 F.Supp.2d 973 (D.Minn.2009).

Moreover, when a party raises an objection to a magistrate judge's report, the district court is required to conduct a de novo review of the contested sections, but when a party makes only conclusory or general objections, or simply reiterates his original arguments, the court's review is only for clear error. Manigaulte v. C.W. Post of Long Island University, 2009 WL 2984669 (E.D.N.Y.2009). In this instance, Plaintiff has simply complained of the lack of a more explanatory order from the Magistrate, but has offered on the same arguments set forth in the original opposition to Defendants' motion.

On the legal side of the analysis, a magistrate judge's order is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. DeFazio v. Wallis, 459 F.Supp.2d 159 (E.D.N.Y.2006). If one assumes, as we must, that the Magistrate judge in this instance applied the law set forth in Plaintiff's own response, as clarified in Defendants' reply, it is apparent the order allowing the Rule 35 examination to go forward did not involve a misapplication of the relevant statutes, case law, or rules of procedure. It is due to be affirmed immediately so the examination may be conducted as scheduled.

## 2. RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE SCOPE AND LOCATION OF THE EXAMINATION

Plaintiff, in his objections, restates the identical points and argument set before the Magistrate in opposition to Defendants' motion. Defendants respond now, as they did then, as follows:

### a. Limits upon the scope of questioning as a part of the examination:

Although not raised in any communication prior to the filing of Defendants' motion,

Plaintiff, in his motion, seeks to prohibit examination of matters into Plaintiff's sex life, marriage, relationships and any other private matter. Plaintiff also appears to request a limitation on the time frame of the examination of Plaintiff's mental state to his current status and his status since the time of the activities giving rise to the causes of action. These are issues not raised in any of the previous communications regarding the examination. Regardless, Plaintiff, in his discovery responses and at deposition, has testified that the events in question had adversely impacted his marriage. As such, this would be an area that the examiner should be permitted to inquire into. Moreover, from records obtained by Defendants through the subpoena process, it is apparent that at the time of these events Plaintiff suffered from and was being treated for mental conditions that may be similar to those he is complaining of as a result of the events in question. Since this may create a situation where Plaintiff's condition is more in the nature of an aggravation of a pre-existing condition as opposed to a newly created condition, the examiner should be permitted to inquire into these aspects of Plaintiff's mental health as well. Simply stated, in evaluating the mental health of an individual, a wide range of circumstances over time may have an impact and this is particularly so when pre-existing mental health issues exist. Plaintiff offers no authority to limit the examination in manner suggested. Plaintiff has not demonstrated that the ruling of the Magistrate judge in this regard is either clearly erroneous or contrary to law.

**b.    Scope of Examination and Testing:**

As to the scope of the examination as it pertains to testing, the appropriate testing to be administered to an individual on a Rule 35 examination may vary depending upon the

information disclosed to the examiner during the course of the initial clinical interview. According to the examiner the Defendants propose to use, John Larson, Ph.D., he cannot determine the precise testing that will be required of the Plaintiff until he has had an opportunity to conduct a personal clinical interview. The case law cited to by Plaintiff does not support the proposition that every aspect of the examination, including every test to be given, must be disclosed prior to the exam. To analogize, an orthopedic examiner may not be able to determine whether an individual with a spinal complaint will require an x-ray or an MRI until he has had an opportunity to examine the person and take a history.

Plaintiff's attorney appears to presume that it is Defendants' intent or purpose to subject the Plaintiff to an onerous and unreasonable examination process. However, the credentials of Dr. Larson revealed his extensive experience in the field and provide no basis for any such concerns on the part of the Plaintiff or his attorney. The courts have routinely accepted testing as an appropriate part of the mental examination process, despite the misinterpretation of the case law provided by the Plaintiff, much of which supports the administration of testing, including the MMPI as a part of a mental health examination.

For instance, Thomas v. Chater, 104 F.3d 356 (2nd Cir. 1996), is not a blanket statement regarding the use of the MMPI, but instead it involves very specific circumstances involving a disability determination. The same is the case in Colvard v. Chater, 59 F.3d 165 (4th Cir. 1995), where the court, in fact, recognized the use of the MMPI as a diagnostic tool. With regard to the Plaintiff's suggestion that the use of the MMPI has been disapproved of, the case cited to by the Plaintiff is an employment case and the basis of the object was that the questions are not "job related." It is not a federal

case; it does not apply the federal rule. In the instant case, this is not the issue. It is well recognized that the MMPI is a well accepted test utilized within the psychological community, useful to determine Plaintiff's present mental state and the extent to which factors such as malingering are involved. In Hirschheimer v Associated Metals, 1995 W.L. 736901 (S.D.N.Y. 1995), the court ordered the plaintiff in an employment discrimination claim to submit to a psychological examination, including the administration of the MMPI test. The court noted that "the MMPI - II is a well established psychological test ... it is still useful as part of a psychological examination." In that case, the court also held that no one should be present except the examiner and the Plaintiff, and the sessions should not be recorded.

As with the nature of the testing to be conducted, it is difficult to state how long the process will take. According to Dr. Larson, it is undersigned counsel's understanding that approximately two hours would be expected for the initial interview and additional time for testing, governed by the amount of time it takes for Plaintiff to complete any testing. Plaintiff has not demonstrated that the ruling of the Magistrate judge in this regard is either clearly erroneous or contrary to law.

### c.  Recording of examination:

Defendants have no objection to the examination being recorded by audiotape should the Plaintiff choose to do so. Defendants would object to the presence of the court reporter, a videographer, or the Plaintiff's counsel at the examination as the presence of such persons could serve to be disruptive to the process and influence the Plaintiff or the process. See, Hirschheimer v Associated Metals, 1995 W.L. 736901 (S.D.N.Y. 1995),

where even recording was prohibited. Plaintiff has not demonstrated that the ruling of the Magistrate judge in this regard is either clearly erroneous or contrary to law.

### d.  Location of examination:

Once again, this is an issue raised by Plaintiff's attorney for the first time in the response to Defendants' motion. Defendants addressed this issue in their original motion.

In granting orders compelling an examination pursuant to Rule 35, the courts have approved the requirement for a plaintiff to travel for purposes of the examination unless it is shown that the travel would be dangerous to the party's health or the party in physically unable to do so. Srasser v Prudential Ins. Co. 1 FRD 125 (DC Ky. 1939); Gale v National Transp. Co. 7 FRD 237 (DC NY 1946); Baird v Quality Foods, Inc., 47 FRD 212 (ED La 1969). As such, Defendants request for Plaintiff to travel to Pensacola for this examination is not unreasonable or overly burdensome, particularly in light of his unemployed status and Defendants' willingness to assume all costs associated with the examination. Plaintiff has previously traveled to Panama City on consecutive days to attend depositions of the Defendants and other witnesses.

In other instances, courts have required a plaintiff to travel considerable distances for purposes of having the examination conducted, so long as the examination is conducted in the district in which the case is pending. In this instance the examination would be conducted in Pensacola, Florida, which is located in the Northern District of Florida. Hunter v Riverside Community Memorial Hospital, 58 FRD 218 (DC Wis 1972); Pierce v Brovig, 16 FRD 569 (DC NY 1954); Warren v Weber & Heidenthaler, Inc., 134 F Supp 524 (DC Mass 1955). Other courts have required a plaintiff to assume the cost of the travel related to such an examination. Baird v Quality Foods, Inc. 47 FRD 212 (ED La

1969); Defendants are not requesting Plaintiff to assume such a burden in this case.

Defendants should not be bound to select an examiner, regardless of qualifications, simply based upon location or the convenience of the Plaintiff. The point of the examination is to have a qualified examiner conduct the examination and to have a quality examination occur. Defendants believe Dr. Larson's credentials as set forth in Exhibit B to their reply demonstrate his qualifications. As noted in Defendants' original motion, Plaintiff is not employed, has previously traveled to Panama City on multiple occasions to attend depositions in this case, and Defendants will reimburse Plaintiff for reasonable expenses associated with the examination. Plaintiff has not demonstrated that the ruling of the Magistrate judge in this regard is either clearly erroneous or contrary to law.

WHEREFORE, Defendant urges that order of the Magistrate Judge providing that the Plaintiff be required to submit to a Rule 35 mental examination with Dr. John Larson on Friday, April 30, 2010, be affirmed.

Respectfully submitted, this 29th day of April, 2010.

/s/ Keith C. Tischler
KEITH C. TISCHLER
Fla. Bar No. 0334081
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel: (850) 422-0282
Fax: (850) 422-1913

*Attorney for Defendants Nugent, Plair, Burkett & Beasley*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via electronic filing to Marie Mattox, 310 East Bradford Road, Tallahassee, Florida 32303; Timothy M. Warner, Post Office Box 1820, Panama City, Florida, 32402; Ginger Barry, 200 Grand Boulevard, Suite 205A, Destin, Florida, 32550; Robert S. Sombathy, Post Office Box 430, Panama City, Florida, 32402 this 29th day of April 2010.

/s/ Keith C. Tischler
KEITH C. TISCHLER